UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00459-FDW-DCK

| | |
|---|---|
| SHAKHAWAN AL-JAMMOOR, MARIWAN ALJAMMOOR, AND BANAZ AL BARAZANJI, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, SEAN MURPHY, AND ANTHONY BLINKEN, <br><br> Defendants. | **ORDER** |

THIS MATTER is before the Court on Plaintiffs' Motion for a Preliminary Injunction, (Doc. No. 5), and Defendants' Motion to Dismiss for Lack of Jurisdiction and Motion to Dismiss for Failure to State a Claim. (Doc. No. 7). These motions have been fully briefed and is ripe for disposition by the Court. For the reasons stated herein, Plaintiff's claims are MOOT, and they are accordingly DISMISSED. Consequently, Plaintiffs' Motion for a Preliminary Injunction is DENIED AS MOOT.

I.  BACKGROUND

Plaintiffs appear pro se in this matter and initiated this lawsuit with the filing of a complaint—signed by each Plaintiff—against Defendants on September 6, 2022. (Doc. No. 1). Taking the allegations in the Complaint as true, the following background is relevant to the disposition of these motions. Plaintiff Mariwan Aljammoor ("Mariwan") is a citizen and resident

1

of Charlotte, North Carolina who has been attempting to obtain immigration visas for his brother's family. (Id. at 2.)

Plaintiff Shakhawan Al Jammoor ("Shakhawan") is Mariwan's bother. Id. Plaintiff Banaz Albazaranji ("Banaz") is Shakhawan's wife. (Id.) Banaz applied for the Diversity Immigrant Visa Program for the 2022 fiscal year[1] ("FY2022 DV"). (Id. at 7.) On May 8, 2021, Banaz was informed by the United States Department of State that she was selected for the FY2022 DV program. (Id.)

On May 11, 2022, Plaintiffs successfully completed and submitted Form DS-260, the Application for Immigrant Visa and Alien Registration. (Id.) On September 2, 2022, a Support Contractor from the KCC provided a status update for the FY2022 DV applications. (Doc. No. 1-1, p. 3). The update notified Plaintiffs that their FY2022 DV applications were in the queue of cases ready to schedule for interview. (Id.)

When Plaintiffs filed the Complaint, their FY2022 DV applications had not been fully processed. (Doc. No. 1, p. 10). The end of the 2022 fiscal year, September 30, 2022, has now passed.

## II. MOOTNESS

Plaintiffs' FY2022 DV applications are governed, in relevant part, by 8 U.S.C. § 1154(a)(1)(I)(ii)(II). Importantly, this provision provides: "Aliens who qualify, through random selection, for a [diversity] visa under section 1153(c) . . . shall remain eligible to receive such visa *only through the end of the specific fiscal year for which they were selected*." 8 U.S.C. § 1154(a)(1)(I)(ii)(II) (emphasis added). "The State Department has promulgated regulatory provisions that automatically revoke diversity visa petitions and prevent the issues of [diversity]

---

[1] The 2022 fiscal year is from October 1, 2021 to September 30, 2022.

visas after midnight of the final day of the fiscal year." [2] Mwasaru v. Napolitano, 619 F.3d 545, 550 (6th Cir. 2010) (citing Nyaga v. Ashcroft, 323 F.3d 906, 909 (11th Cir. 2003) (per curiam)). More explicitly, "failure to process [such an alien's] application does not extend [the alien's] statutorily-limited period of eligibility for a diversity visa." Mwasaru, 619 F.3d at 551 (citing Nyaga, 323 F.3d at 914). There is broad consensus for this statutory interpretation across all circuits. Mwasaru, 619 F.3d at 551 (stating "[a]ll circuits that have addressed this issue have read the plain language of 8 U.S.C. § 1154(a)(1)(I)(ii)(II) in the same way even in the wake of what may seem to be harsh results, such as when defendants failed to even process the applications of otherwise eligible diversity participants before the end of the fiscal year"); [3] see also Pushkar v. Blinken, No. 21-2297, 2021 WL 5083438, at *2 (D.C. Cir. Nov. 2, 2021) (stating and citing the same).

Plaintiffs' otherwise eligible diversity visa applications were not processed before September 30, 2022, the end of the 2022 fiscal year. Therefore, pursuant to the governing United States Code, 8 U.S.C. § 1154(a)(1)(I)(ii)(II), and relevant case law interpreting that provision, Plaintiffs are no longer eligible for adjustment of status under § 1255.[4] As such, all claims brought by Plaintiffs are MOOT and are accordingly DISMISSED.

---

[2] 22 C.F.R. § 42.33(a)(1) ("Under no circumstances may a consular officer issue a visa or other documentation to an alien after the end of the fiscal year during which an alien possesses diversity visa eligibility."); 22 C.F.R. § 42.33(d) ("A petition approved . . . will be valid for a period not to exceed Midnight of the last day of the fiscal year for which the petition was approved. At that time, the State Department will consider approval of the petition to cease to be valid pursuant to [8 U.S.C. § 1154(a)(1)(I)(ii)(II)], which prohibits issuance of visas based upon petitions submitted an approved for a fiscal year after the last day of that fiscal year."); 22 C.F.R. § 42.33(f) ("Under no circumstances will immigrant visa numbers be allotted after midnight of the last day of the fiscal year for which the [diversity visa] petition was submitted and proved.").
[3] Citing Mohamed v. Gonzales, 436 F.3d 79, 81 (2d Cir. 2006) (per curiam); Coraggioso v. Ashcroft, 355 F.3d 730, 734 (3d Cir. 2004); Carillo-Gonzalez v. I.N.S., 353 F.3d 1077, 1079 (9th Cir. 2003).
[4] This statute grants the Attorney General the authority to adjust the legal status of an alien whose diversity visa has been fully processed. 8 U.S.C. § 1255(a) (stating "[t]he status of an alien who was inspected and admitted . . . into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if . . . (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence . . .").

## III. CONCLUSION

IT IS, THEREFORE, ORDERED that Defendants' Motion to Dismiss, (Doc. No. 7), is GRANTED; Plaintiff's claims are DISMISSED; and Plaintiff's Motion for Preliminary Injunction, (Doc. No. 5), is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: June 5, 2023

Frank D. Whitney
United States District Judge