# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CV-00459-FDW-DCK

| | |
|---|---|
| SHAKHAWAN AL-JAMMOOR, MARIWAN ALJAMMOOR, AND BANAZ AL BARAZANJI, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **ORDER** |
| SEAN MURPHY, DEPARTMENT OF STATE, AND ANTHONY BLINKEN, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Reconsideration (Doc. No. 15), which seeks to challenge the prior Order dismissing this case, (Doc. No. 12). This matter has been fully briefed, (Doc. Nos. 16, 18), and is ripe for ruling. For the reasons set forth below, Plaintiffs' Motion is DENIED.

The Federal Rules of Civil Procedure do not expressly provide for a "postjudgment 'motion for reconsideration.' Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 n.4 (4th Cir. 2011).

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct clear error of law or prevent manifest injustice. See United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (citing

1

Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)), cert. denied, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Pacific Ins. Co., 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Pacific Ins. Co., 148 F.3d at 403 (quoting Wright, et al., supra, § 2810.1, at 124).

Here, Plaintiffs fail to satisfy the legal requirements to be granted relief under Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiffs filed the instant motion on July 11, 2023, thirty-six (36) days after this Court's Order and Judgment to which Plaintiffs seek reconsideration. It is therefore untimely. See Rozzelle v. Univ. of N. Carolina at Charlotte Maria Delgadillo Banita Brown Allison Stedman Alison Walsh, 2015 WL 12911716, at *1 (W.D.N.C. Dec. 7, 2015), aff'd sub nom. Rozzelle v. Univ. of N. Carolina, 646 F. App'x 336 (4th Cir. 2016) (with pro se motion, Rule 59(e)'s 28-day deadline cannot be extended and three-day extension under Rule 6(d)—i.e. additional time for mail service—does not apply). Moreover, Plaintiffs' motion seeks to relitigate its prior arguments and—to some extent—assert revised arguments that could have been argued in the initial briefing. Both paths are an insufficient basis to obtain relief under Rule 59(e). See Legacy Data Access, LLC v. MediQuant, Inc., 2017 WL 6001637, at *15 (W.D.N.C. Dec. 4, 2017) ("A Rule 59(e) motion seeking to 'raise arguments which could have been raised prior to the issuance of the judgment' is not proper.") (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). Finally, even liberally construing Plaintiffs' briefs as arguments directed to correct clear error of law or prevent manifest injustice, their current briefing fails to satisfy that high burden. See Mwasaru v. Napolitano, 619 F.3d 545 (6th Cir. 2010); Nepal v.

United States Dep't of State, 602 F. Supp. 3d 115, 127 (D.D.C. 2022). Accordingly, Plaintiffs have failed to demonstrate they are entitled to relief under Fed. R. Civ. P. 59(e).

Plaintiffs' motion fares no better if considered under Rule 60(b) of the Federal Rules of Civil Procedure. To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Hale v. Belton Assocs., 305 Fed. Appx. 987, 988 (4th Cir. 2009) (quoting Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)); see also Coleman v. Jabe, 633 F. App'x. 119, 120 (4th Cir. 2016). If these threshold requirements are met, the moving party must then show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" Mines v. United States, No. WMN-10-520, 2010 WL 1741375 at *2, (D. Md. April 28, 2010) (quoting Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1982)).

Plaintiffs have failed to make the threshold showing entitling them to relief under Rule 60(b). Even presuming the motion as timely, Plaintiffs do not have meritorious claims as explained in this Court's prior Order dismissing this case and Defendants would be unfairly prejudiced by setting aside that prior Order. Even presuming Plaintiffs has satisfactorily made this initial

showing, nothing in the current briefing "clearly" establishes any of the grounds available under Rule 60(b). In so ruling, the Court reiterates the relevant authorities relied on in issuing its prior decision and the limited role this Court plays given the statutory framework set out by Congress related to the relief Plaintiffs seek. See Mwasaru, 619 F.3d 545; Mohamed v. Gonzales, 436 F.3d 79, 81 (2d Cir. 2006) (per curiam ); Coraggioso v. Ashcroft, 355 F.3d 730, 734 (3d Cir.); Carrillo–Gonzalez v. INS, 353 F.3d 1077, 1079 (9th Cir. 2003); Nyaga v. Ashcroft, 323 F.3d 906, 913 (11th Cir.2003) (per curiam ); Iddir v. INS, 301 F.3d 492, 501 n. 2 (7th Cir. 2002); Pushkar v. Blinken, No. CV 21-2297 (CKK), 2021 WL 5083438 (D.D.C. Nov. 2, 2021).

**IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration, (Doc. No. 15), is DENIED.

**IT IS SO ORDERED.**

Signed: November 7, 2023

Frank D. Whitney
United States District Judge